UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20006-RAR

**LUIGI MOCCIA**,

    Plaintiff,

v.

**TOWN OF BAY HARBOR ISLANDS**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Defendants Town of Bay Harbor Islands, Robert Cargill, John Grimes, Ray Watler, and Ernest Candelmo's Combined Motion for Summary Judgment ("Motion"), [ECF No. 41]. Defendants argue that they are entitled to summary judgment on all counts of Plaintiff's Amended Complaint ("AC"), [ECF No. 28], because probable cause or arguable probable cause existed for Plaintiff's arrest, which defeats Plaintiff's claims for false arrest and malicious prosecution. *See* Mot. at 4–20. Plaintiff filed a Response in Opposition, [ECF No. 49] ("Resp."), and Defendants filed a Reply, [ECF No. 52], thereafter. Having reviewed the briefs, the record, and applicable law, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Defendants' Motion is **GRANTED** as set forth herein.

## BACKGROUND

On the evening of May 5, 2020, Luigi Moccia ("Plaintiff") was walking "with his family and several neighbors" at the intersection of two roads in the Town of Bay Harbor Islands (the "Town" or "Bay Harbor Islands"). AC ¶ 16. As Plaintiff and company walked, one Roger Bueno

("Bueno") drove by them "at an estimated 65 miles per hour and far above the speed limit," allegedly so irresponsibly that Bueno "almost struck one of Moccia's daughters." *Id.* ¶¶ 17–18. Bueno parked his car nearby and Plaintiff followed, taking it upon himself to "ask Bueno not to speed and to let Bueno know that he had come close to striking one of his daughters with his car." *Id.* ¶¶ 19–20. An altercation unfolded between Plaintiff and Bueno at this point, but witness testimony differs on the extent of how physical or aggressive Plaintiff or Bueno were with one another. Crucially, Plaintiff later testified that he held Bruno by the arm, which is echoed by the written victim statement he gave to Bay Harbor Islands police shortly after the altercation. *See* Luigi Moccia Victim/Witness Statement ("At one point I hold the driver by his arm and telling him sitting down until local police arrived [sic]."), [ECF No. 41-2]; *see also* Luigi Moccia Dep. Tr.74:13–22, [ECF No. 41-16] (explaining that he held Bueno's arm for seconds).

At some point, Plaintiff called the police, and Bay Harbor Islands Police Officers Ray Watler, Robert Cargill, and Ernest F. Candelmo arrived on the scene thereafter. AC ¶¶ 24, 26. Notably, Officer Watler arrived at the scene as the altercation was ending, because he later reported that he saw Plaintiff on top of Bueno, striking Bueno several times. *See* Complaint/Arrest Affidavit at 2, [ECF No. 41-11]. The officers separated the parties and investigated the situation, speaking to witnesses of the altercation. *See* Personnel Narrative for Officer Robert Cargill, [ECF No. 41-3]. The officers spoke to and gathered written statements from at least Plaintiff, Bueno, and three other witnesses that relayed the events described above, albeit with differing statements on which party was the aggressor and which party employed physical force. *See* [ECF Nos. 41-2, 41-4, 41-7, 41-8, 41-9]. Later that same evening, Officer John Grimes arrested Plaintiff at Plaintiff's home for simple battery in violation of Fla. Stat. § 784.03 (2020). *See* Complaint/Arrest

Affidavit at 1. On or about December 13, 2021, the State Attorney dismissed the charges against Plaintiff, and Plaintiff later brought suit against Defendants. AC ¶ 38.

Plaintiff alleges one count of False Arrest against the Town, based on the allegedly false arrest effectuated by the Town's police officers, as described above. AC ¶¶ 41–47. Plaintiff separately alleges the same four counts against each of the individual police officer Defendants, based on the events described above, as follows: one count of False Arrest pursuant to 42 U.S.C. § 1983; one count of Malicious Prosecution pursuant to 42 U.S.C. § 1983; one count of False Arrest pursuant to Florida law; and one count of Malicious Prosecution pursuant to Florida law. AC ¶¶ 48–151.

## **LEGAL STANDARD**

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability so long as their conduct "does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A police officer "is entitled to qualified immunity if he has 'arguable probable cause'" when making an arrest. *Richmond v. Badia*, 47 F.4th 1172, 1181 (11th Cir. 2022) (quoting *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998)). "Arguable probable cause exists where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest' the plaintiff." *Badia*, 47 F.4th at 1181 (quoting *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990)). "In order for probable cause to exist, 'an arrest [must] be objectively reasonable under the totality of the circumstances.'" *Rankins v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (citations omitted).

## ANALYSIS

Although both parties raise multiple arguments in their briefings, one threshold issue is dispositive—that of arguable probable cause. *See Gurrera v. Palm Beach County Sheriff's Office*, 657 F. App'x 886, 889 (11th Cir. 2016) ("Both malicious prosecution and false arrest require a plaintiff to show a lack of probable cause.") (citations omitted). Accordingly, the Court confines its analysis to the issue of whether Officer Grimes had arguable probable cause, because the existence of arguable probable cause entitles Officer Grimes to qualified immunity for the arrest of Plaintiff, thereby immunizing all Defendants from civil liability for the arrest.[1]

---

[1] The Court notes that while the Town itself is not a government official entitled to qualified immunity, Plaintiff's lone cause of action against the Town arises exclusively out of the individual Defendants' allegedly tortious conduct carried out in the course and scope of their employment with the Town. *See* AC ¶¶ 41–47. Thus, because the Court finds that arguable probable cause existed for Plaintiff's arrest, the Town is also entitled to summary judgment on Plaintiff's false arrest claim.

### I. *Arguable Probable Cause*

Many facts in this case are hotly disputed by both parties. But even under the most generous reading of the facts in Plaintiff's favor, Plaintiff's own words establish that arguable probable cause existed to arrest Plaintiff for the crime of simple battery. "It doesn't take much to commit battery under Florida law." *Huebner v. Bradshaw*, 935 F.3d 1183, 1185 (11th Cir. 2019) Any intentional and unwanted touching, no matter how slight, constitutes battery under Florida law, and injury is not required. *Id.* Moreover, arguable probable cause is a standard distinct from actual probable cause, requiring even less of an arresting officer to demonstrate reasonability. *See Jones v. Cannon*, 174 F.3d 1271, 1294 n.3 (11th Cir. 1999).

Here, a reasonable officer in Officer Grimes' shoes could have believed probable cause existed to arrest Plaintiff for battery. *See Huebner*, 935 F.3d at 1185 (affirming summary judgment because officers had probable cause for arresting plaintiff for simple battery). When deciding to arrest Plaintiff, Officer Grimes had the following key information at his disposal: an arrest affidavit in which Plaintiff stated, in his own words, that he held Bueno by the arm to get Bueno to settle down before the cops arrived; multiple eyewitness reports stating some degree of physical contact between Plaintiff and Bueno occurred; and Officer Watler reported to Officer Grimes that Office Watler observed Plaintiff on top of Bueno when he arrived at the scene. Plaintiff never has—and still does not—contest the fact that he at least touched Bueno's arm. *See* Resp. at 3 (". . . Moccia grabbed Bueno by the arm for a matter of seconds . . ."). A reasonable officer, possessing Officer Grimes' knowledge, could have found it reasonable to arrest Plaintiff on that admission of battery alone, let alone the other facts available to Officer Grimes suggesting battery had been committed. *See, e.g., Sada v. City of Altamonte Springs,* 434 F. App'x 845, 849 (11th Cir. 2011) (finding that the higher standard of probable cause was met when officers arrested defendant for battery under

Florida law solely based on five eyewitness testimony accounts that defendant had struck his son). Therefore, because the pertinent, undisputed facts demonstrate that arguable probable cause existed for Plaintiff's arrest, the individual Defendants are entitled to qualified immunity. Consequently, summary judgment on all of Plaintiff's false arrest and malicious prosecution claims is warranted. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724 (11th Cir. 2010) (determining that an officer had arguable probable cause to arrest driver and affirming summary judgment on qualified immunity grounds).

### II. Self-Defense

While Plaintiff does not contest that he touched Bueno without consent, Plaintiff argues that Defendants failed to reasonably investigate the crime to determine whether Plaintiff used force in self-defense as required by Fla. Stat. § 776.032(2) (2020). Under § 776.032(2), a Florida law enforcement agency may not arrest a "person for using or threatening to use force unless it determines that there is probable cause that the force that was used or threatened was unlawful." Plaintiff relies largely on *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004), for this proposition, but this reliance is misplaced.

In *Kingsland*, the Eleventh Circuit found that genuine issues of material fact existed as to whether the arresting officers (1) manufactured probable cause, (2) failed to conduct a reasonable investigation, and (3) ignored certain facts within their knowledge when the same officers conspired to falsely arrest a driver that collided with an off-duty police officer in an accident caused by that officer. *See Kingsland*, 382 F.3d at 1226–36. But the Eleventh Circuit has since limited its holding to the "jarring" facts of *Kingsland*, refuting similar and stronger arguments brought by other plaintiffs. *See Davis v. City of Apopka*, 78 F.4th 1326, 1345 (11th Cir. 2023) (rejecting Plaintiff's argument that arresting officers failed to reasonably investigate, relying on *Kingsland*,

because the facts were not as "jarring" as those in *Kingsland*).

Simply put, Plaintiff's case "is nothing like *Kingland*," where the record contained ample evidence of a conspiracy to falsely arrest the *Kingsland* defendant, fabricate drug charges, and ignore contrary evidence of the *Kingsland* defendant's innocence, despite Plaintiff's conclusory allegations that Defendants conspired to arrest him. *See Davis*, 78 F.4th at 1345. Neither does Plaintiff's argument that Defendants failed to reasonably investigate carry much weight; for example, some of the witnesses Plaintiff claims Defendants should have questioned gave recorded witness statements that are part of the record. *Compare* Resp. at 17 ("Moccia explained in detail to Watler, Cargill, Candelmo, and Grimes how he acted in self-defense, but they failed to identify easily identifiable witnesses from a crowd of 24-30 people and failed to interview the readily available witnesses they did know about . . .") *with* Witness Statement of Maria Barreira, [ECF No. 41-7], Witness Statement of Marcos Barreira, [ECF No. 41-8], and Declaration of Luca Supino, [ECF No. 41-9]. The Eleventh Circuit rejected analogous inadequate investigation claims, distinguishing *Kingsland*, and determined that *probable* cause existed where the officers made the arrest without interviewing either of two witnesses that the arrested plaintiff claimed would corroborate her story. *See Huebner*, 935 F.3d at 1185, 1189–90 (describing how the arresting officers in *Kingsland* "didn't just fail to follow-up or even turn a blind eye, they affirmatively misrepresented their intentions and came dangerously close—if they didn't go all the way—to manufacturing evidence").

Thus, evidence in the record refutes Plaintiff's contention that Defendants failed to reasonably investigate and determine whether Plaintiff reasonably used force in self-defense, or otherwise manufactured false evidence to conspire and arrest Plaintiff.

**CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Combined Motion for Summary Judgment, [ECF No. 41], is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 58, final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 29th day of January, 2024.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**